IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO:

MAXIMILIANO ATILY MCELROY,

        Plaintiff,

vs.

PARADISE CRUISE LINE OPERATOR LIMITED, INC. a Florida Corporation, *et al.*,

        Defendant.

_____/

## SEAMAN'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MAXIMILIANO ATILY MCELOY ("Mr. MCELROY"), by and through undersigned counsel, hereby files this Complaint against Defendant, PARADISE CRUISE LINE OPERATOR LIMITED, INC., ("PARADISE"), and in support states as follows:

## FACTS

1. This is an action seeking damages in excess of the jurisdictional limits of the Circuit Court, in and for Broward County, Florida.

2. This is an admiralty and maritime claim arising under the federal general maritime law of the United States, and is brought in this Court under the Savings to Suitors Clause of 28 U.S.C. § 1333(1) and under 42 U.S.C. § 30104, et seq. (the "Jones Act").

3. On or about August 12, 2018 Plaintiff, MAXIMILIANO ATILY MCELOY (hereinafter "MCELROY"), a Peruvian citizen, was working as a Jones Act seaman and member

of the crew of the cruise ship M/V GRAND CELEBRATION which was home-ported in West Palm Beach, Florida, United States.

4. Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. (hereinafter "PARADISE"), is a Florida for profit corporation with its principal place of business in Broward County, Florida and is therefore a citizen of the state of Florida. In the alternative, PARADISE CRUISE LINE's base of operations for its cruise ship business is located in the state of Florida and it has substantial contacts with the state of Florida. PARADISE was at all relevant times Claimant's Jones Act employer.

5. At all times material, Defendant PARADISE, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county.

   b. Was engaged in substantial activity within this state.

   c. Operated vessels in the waters of this state.

   d. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181 or 48.193.

   e. The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

6. As the owner of the GRAND CELEBRATION, Defendant GRAND CRUISE had the non-delegable duty to provide a seaworthy vessel.

7. As the owner of the GRAND CELEBRATION, Defendant GRAND CRUISE had the non-delegable duty to provide maintenance and cure to a seaman injured or who became ill in the service of its vessel.

8. On August 12, 2018, while working on PARADISE *Grand Celebration*, Mr. MCELROY was carrying heavy luggage to passenger cabins. While carrying the luggage, he began to feel pain in his back.

9. The following day, August 13, 2018, Mr. MCELROY was cleaning a wall in a passenger stateroom and heard a crack in his back and began suffering from severe pain. Mr. MCELROY immediately reported the pain to his supervisor and presented to the infirmary. He was given an injection of pain killers.

10. During the remainder of his contract, Mr. MCELROY continued to feel pain in his back.

11. PARADISE failed to authorize shoreside treatment to assess Mr. MCELROY'S continued complaints of back pain.

12. Defendant PARADISE, as Mr. MCELROY'S Jones Act employer, had the duty to provide him prompt and adequate medical care to the point where he was at maximum medical improvement.

13. Additionally, Defendant GRAND CRUISE, as the vessel owner, had a non-delegable duty to provide maintenance and cure to Mr. LLERENA under the U.S. general maritime law.

14. Mr. MCELROY worked over twelve hours daily during his contract with Defendant, PARADISE. During his employment, Mr. MCELROY was required to carry and lift heavy bag of luggage and push or pull heavy trolleys. Mr. MCELROY was also required to work in a rapid pace in order to provide swift and excellent service PARADISE promises to its passengers.

15. Mr. MCELROY began working for Respondent as a healthy and strong individual

and passed a pre-employment physical prior to his employment.

16. Mr. MCELROY'S job requirements included a lot of lifting and pulling of heavy items, including trolleys and luggage.

17. Mr. MCELROY returned home and sought treatment on his own for his continued pain complaints.

18. On January 30, 2019, Mr. MCELROY was seen by Dr. Isidro Law Romero for his continued back pain. Dr. Romero recommended Mr. MCELROY undergo a lumbar spine MRI to further assess the origin of his pain.

19. On January 30, 2020, a lumbar spine MRI revealed 1. symmetric bulging L2-L3 causing no neurorradiculares neuroforaminales or alterations, 2. central protrusion L3-L4 that contacts the roots of passage, bilateral facet synovial hydrarthrosis, 3. L4-L5 symmetrical bulge that contacts the left emergent root, bilateral facet synovial hydrarthrosis, 4. extrusion with caudal extension L5-S1 that contacts the emerging roots, Left facet synovial hydrarthrosis, 5. disc degeneration grade IV, L2-L3, L3-L4 and L5-S1, 6. hemangioma in the L1 vertebral body, 7. rectification of lumbar lordosis.

20. A January 30, 2020 EMG study revealed that the present study of electro neurophysiology is abnormal. It reveals the presence of radiculopathy in the lumbosacral segment corresponding to the roots L3 L4 LS S1 on the left side and L4 LS S1 on the right side.

21. On January 30, 2020, Mr. MCELROY was seen by Dr. Orozco who recommended that Mr. MCELROY undergo lumbar stabilization and decompression surgery.

22. Mr. MCELROY continues to suffer from lumbar pain with radiculopathy which he needs medical treatment to be cured. The pain affects his ability to work and carry out many of his activities of daily living.

23. Moreover, PARADISE's failure to provide Mr. MCELROY with prompt, proper and adequate medical treatment has aggravated Plaintiff's injury and subjected him to additional needless pain and suffering.

24. The Third District Court of Appeal has described the doctrine of maintenance and cure as follows:

> Maintenance and cure is an ancient duty under the law of admiralty that arises against a shipowner in favor of a seaman who becomes ill, injured, or incapacitated, or whose condition becomes aggravated or enhanced for any reason, at least until the time that the seaman has achieved maximum medical recovery . . . Admiralty courts have traditionally been liberal in interpreting the scope of this duty . . . The seamen are wards of the Court and maintenance and cure should be afforded as long as there is any ambiguity or uncertainty about the continuation of that status . . . "The nature and foundations of the liability required that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes."

*Duarte v. Royal Caribbean Cruises, Ltd.*, 761 So.2d 367, 368 (Fla. 3d DCA 2000) (quoting *Aguilar v. Standard Oil Co.*, 318 US 724, 735, 63 S.Ct. 930, 87 LED. 1107 (1943)).

25. The United States Supreme Court held that "the breadth and inclusiveness" of a shipowner's duty to pay maintenance and cure "assure its easy and ready administration for [i]t has few exceptions or conditions to stir contentions, cause delays, and invite litigations." *Vella v. Ford Motor Co.*, 421 U.S. 1, 95 S. Ct. 1381, LED. 2d 682 (1975). An injured seaman is entitled to every benefit of the doubt when there is any ambiguity regarding whether maintenance and cure should be paid. *Vaughan v. Atkinson*, 369 U.S. 527, 530-331, 82 S.Ct.997, 999-1000, 8 LED.2d 88 (1962); *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 87 LED. 1107, 63 S.Ct. 930 (1943). See also, *Atlantic Sounding Co., Inc. v. Townsend*, 29 S.Ct. 2561 (2009).

26. As a direct and proximate result of Defendant PARADISE's negligence, Plaintiff is permanently disabled from being a seafarer and has an extraordinarily large wage loss, in

addition to a loss of capacity to enjoy life. As a result of Plaintiff's injury and continued disability, he will never be able to pass the physical examination necessary to work aboard a crew ship. Due to his inability to work aboard a cruise ship, the Plaintiff will suffer severe economic consequences, both now and in the future.

27. As a direct and proximate result of Defendant GRAND CRUISE's failed to provide a seaworthy vessel and failure to provide maintenance and cure, Plaintiff is permanently disabled from being a seafarer and has an extraordinarily large wage loss, in addition to a loss of capacity to enjoy life. As a result of Plaintiff's injury and continued disability, he will never be able to pass the physical examination necessary to work aboard a crew ship. Due to his inability to work aboard a cruise ship, the Plaintiff will suffer severe economic consequences, both now and in the future.

### JURISDICTION AND VENUE

28. This is an admiralty or maritime personal injury claims stemming from Seafarer, MCELROY's employment aboard Defendant, PARADISE's vessel. Subject matter jurisdiction over this action is appropriate as this is an admiralty or maritime claim in which this court has concurrent jurisdiction. The claims underlying this matter are based upon the Jones Act, 46 U.S.C. § 30104, and the General Maritime Laws of the United States, including the governing laws of maintenance and cure and unseaworthiness as detailed below.

29. Venue is proper in the Seventeenth Judicial Circuit in Broward County, Florida as the Defendant, PARADISE is subject to the court's personal jurisdiction with respect to such action per Seafarer, MCELROY's employment agreement.

30. It is anticipated that Defendants will claim that this matter must be arbitrated under the employment agreement unilaterally drafted by Defendants. However, it will be shown that Plaintiff was a Jones Act seaman operating out of a U.S. port, and that no contract may strip a

federally protected crewmember of his U.S. rights, and that any such clause is therefore, and for other reasons, unenforceable.

## COUNT I:
## JONES ACT NEGLIGENCE

Plaintiff readopts and realleges paragraphs one (1) through thirty (30) as if stated herein verbatim and further alleges:

31. At all times material hereto, and on or about August 12, 2018, Plaintiff was employed by Defendant PARADISE as a Jones Act seaman and was a member of the vessel's crew. The vessel was operating within the navigable waters of the United States.

32. It was the duty of Defendant PARADISE as Plaintiff's Jones Act employer to provide the Plaintiff with a safe place to work and to exercise reasonable care for his safety.

33. It was Defendant's duty to provide Plaintiff with prompt, proper and adequate medical care and treatment, including the duty to conduct pre-employment examinations in a non-negligent manner, and to not assign Plaintiff to job tasks beyond his physical capabilities.

34. On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant and/or its agents, servants and/or employees as follows:

    a.    Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and equipment;

    b.    Failure to use reasonable care to provide Plaintiff a safe place to work;

    c.    Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel;

    d.    Failure to use reasonable care to provide Plaintiff with a safe place to work, and otherwise failing to use reasonable care to maintain the work place in a safe condition.

  e. Failure to provide adequate training, instruction and supervision to crewmembers and Plaintiff.

  f. Failure to provide prompt, proper and adequate medical care which aggravated Plaintiff's injuries and caused his additional pain and disability;

  g. Failure to provide Plaintiff and other crewmembers reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties because of exertion;

  h. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their reoccurrence and more particularly Plaintiff's accident.

  i. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work. Prior to Plaintiff's accident, Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger from the hazard.

  j. Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

  k. By failing to provide prompt, proper and adequate medical care and treatment, which included failing to follow the advice of doctors chosen by the Defendant to treat Plaintiff for his injuries;

  l. Failure to provide a reasonably safe place to work by failing to adequately evaluate the Plaintiff's medical condition during the time he was employed by the Defendant, and failure to discover any physical injuries he suffered from which would have precluded him from performing the heavy work he was assigned;

  m. Negligently assigning the Plaintiff to carry heavy luggage that was not reasonably safe;

35. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

36. As a result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of

his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

37. In the alternative, Plaintiff had a pre-existing condition which was aggravated and/or activated by Defendant's action.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PARADISE CRUISE LINE OPERATOR LIMITED, INC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relied this Court deems just.

### COUNT II:
### UNSEAWORTHINESS

Plaintiff readopts and realleges paragraphs one (1) through thirty (30) as if stated herein verbatim and further alleges:

38. On or about the previously stated date, Plaintiff was a member of the crew of Defendant's vessel which was in navigable waters.

39. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant. In the alternative, Defendant PARADISE was the owner *pro hac vice* of the M/V GRAND CELEBRATION.

40. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

41. On or about the previously stated date, the unseaworthiness of Defendant's vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

    a. The vessel was unsafe and unfit due to the conditions created by Defendant's conduct stated in paragraph 34;

    b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. There were no warning signs or markers or cones in place to bring the unsafe condition to Plaintiff's attention;

f. The vessel did not have adequate manpower for the tasks being performed;

g. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties caused by exertion.

h. The subject vessel was not reasonably fit for its intended purpose due to improper and inadequate equipment which caused Plaintiff's accident;

i. The ship's physicians were not properly trained, educated or experienced in the treatment of spinal injuries;

j. Plaintiff's supervisors were not properly trained, educated or experienced in the review of crewmember medical care to ensure that Defendant's crewmembers, including the Plaintiff herein, receive prompt, proper and adequate medical treatment;

k. In that the master, owner and/or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship and appliances and appurtenances and to keep same in a reasonably safe condition;

l. In that the master, owners and/or operators of the vessel failed to provide a reasonably safe place for the Plaintiff to work and perform his duties;

m. That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees at or prior to the time of the commencement of the voyage;

n. The vessel's infirmary was improperly equipped and supplied to detect and treat spinal injuries, and therefore the vessel was unfit for its intended purposes;

o. Failed to maintain said vessel and its equipment and appliances, including the ship's infirmary, in a safe and seaworthy condition;

p.  Defendant failed to have shipboard physicians that were properly licensed, properly trained, and that lacked the requisite experience, training, skill and knowledge to attend to crewmember illnesses and injuries, including that suffered by Plaintiff, rendering the vessel not reasonably fit for its intended purposes;

q.  The vessel was unsafe and unfit due to the conditions of work which resulted in Plaintiff's injuries;

r.  The vessel was unsafe and unfit due to an unsafe method of operation, which resulted in Plaintiff's injuries;

s.  The vessel was not reasonably fit for its intended purpose by virtue of the unsafe conditions Plaintiff was required to work under;

t.  The vessel's crew was not properly trained, instructed, or supervised;

u.  The vessel did not have a fit crew;

v.  The vessel did not have a reasonably fit medical staff;

w.  The vessel did not assign adequate manpower for the tasks being performed;

x.  Failure to conduct proper job analysis and risk of harm analysis;

y.  The job methods and procedures were not reasonably fit for the intended purpose as it posed an unreasonable risk of injury;

z.  By having job tasks assigned to the Plaintiff which required him to utilize body mechanics that put his body at risk of injury;

aa.  Failure to have proper procedures in place to ensure that Plaintiff was physically fit to return to work after being injured which aggravated Plaintiff's injuries and caused him additional pain and suffering;

bb.  Due to an unsafe working environment; and

cc.  Failure to properly train and supervise Plaintiff.

42. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment, suffered physical handicap, lost wages and his working ability has been impaired. The

injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

43. In the alternative, Plaintiff had a pre-existing condition which was aggravated and/or activated by Defendant's action.

**WHEREFORE**, Plaintiff demand judgment against Defendant, PARADISE CRUISE LINE OPERATOR LIMITED, INC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

## COUNT III:
## FAILURE TO PROVIDE
## MAINTENANCE AND CURE AND UNEARNED WAGES

Plaintiff readopts and realleges paragraphs one (1) through thirty (30) as if stated herein verbatim and further alleges:

44. On or about the previously stated date, Plaintiff, while in the service of the vessel as a crew member, was injured.

45. Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum medical possible cure.

46. Despite their obligations, Defendant has willfully and callously failed to provide Plaintiff's medical treatment despite Plaintiff's request for same.

47. Defendant's failure to pay Plaintiff's maintenance and provide cure is unreasonable, willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff is entitled to attorney's fee under the General Maritime Law of the United States.

*Maximiliano Atily McElroy v. Paradise Cruise Line Operator Limited, Inc.*

**WHEREFORE**, Plaintiff demand judgment against Defendant, PARADISE CRUISE LINE OPERATOR LIMITED, INC., for actual and compensatory damages, prejudgment and post-judgment interest, costs, attorneys' fees, and any further relief this Court deems just.

### COUNT IV:
### FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT

Plaintiff readopts and realleges paragraphs one (1) through thirty (30) as if stated herein verbatim and further alleges:

48. On or about the previously stated date, Plaintiff was employed by Defendant, as a seaman, was in the service of the vessel, and was a member of the vessel's crew. The vessel was in navigable waters.

49. At all times material, Defendant had the absolute nondelegable duty to provide Plaintiff with prompt, proper, and adequate medical care.

50. Defendant, through the ship's physicians and nurses, and shore side physicians negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

   a. Defendant not giving Plaintiff medical care in a timely manner after his initial injury;

   b. Defendant failed to properly diagnose and therefore treat Plaintiff's injuries;

   c. Defendant delaying Plaintiff's medical treatment;

   d. Defendant failing to ensure Plaintiff was reviewed by a qualified medical physician for his back condition; and/or,

   e. Defendant sending Plaintiff back to work on pain killers after his injury, which aggravated his injuries and made them worse.

51. As a direct and proximate result of Defendant failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered. In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems; loss of enjoyment of life; physical disability; impairment; inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability; aggravation of any previously existing conditions therefrom; incurred additional medical expenses in the care and treatment of Plaintiff's injuries; suffered physical handicap; lost wages; income lost in the past; and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

52. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, Defendant, PARADISE CRUISE LINE OPERATOR LIMITED, INC., for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

### DEMAND FOR TRIAL BY JURY

Plaintiff, MAXIMILIANO ATILY MCELROY, demands a trial by jury of all issues so triable as a matter of right.

Dated: This 12th day of August, 2021.

Respectfully submitted,

BILLERA LAW, PLLC.

*Maximiliano Atily McElroy  v. Paradise Cruise Line Operator Limited, Inc.*

          2201 N.W. Corporate Blvd.
          Suite 200
          Boca Raton, FL 33431
          Tel: 561-500-7777
          Fax: 561-500-7778
By: __s/John Billera__
          JOHN F. BILLERA, ESQ.
          Florida Bar No.: 869041
          Attorneys for Claimant
          john@billeralaw.com

▪ BILLERA LAW ▪
2201 NW Corporate Blvd., Ste. 200, Boca Raton, FL 33431 ▪ TEL #(561) 500-7777 ▪ FAX #(561) 500-7778
Page 15 of 15

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY